UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND and <br> HOLLAND REAL ESTATE LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> LAKE COUNTY MUNICIPAL GOVT., <br> *et al.*, <br><br> Defendants. | CAUSE NO. 2:13-CV-180 PS |

## OPINION AND ORDER

Robert Holland, acting *pro se*, attempts to remove a case from Lake County Circuit Court under Cause No. 45C01-1008-MI-00098. (DE 1.) He has not paid the filing fee, and instead moves for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (DE 2.) For the reasons explained below, this case must be remanded to the state court.

When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal court, the defendant may remove the action to federal court. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). The defendant bears the burden of establishing federal subject matter jurisdiction, and any doubts are to be resolved in favor of the plaintiff's choice of forum in state court. *Schur,* 577 F.3d at 758.

Robert Holland attempts to initiate this proceeding in federal court by filing here a "Notice of Removal of Civil Action" with the case caption as it appears above, that is, showing himself and Holland Real Estate LLC as the plaintiffs, and Lake County Municipal Government, et al., as defendants. This is confusing because, as I earlier indicated, defendants rather than plaintiffs remove cases from state to federal court. Digging a little deeper, however, it appears

that Holland is trying to remove a tax sale action brought by the Lake County Treasurer pertaining to a piece of property in which "Holland Real Estate LLC" apparently has some interest.

Holland has failed to provide several of the operative pleadings from the state case, including the complaint and service documents, as required by 28 U.S.C. § 1446(a). However, on the same date he filed the notice of removal, he also filed a separate case under 42 U.S.C. § 1983 involving some of the same allegations he makes in the notice of removal about the unlawful deprivation of his property.[1] *See Holland v. Lake County Govt.*, No. 2:13-CV-179, DE 1-2 at 9-95. As a procedural matter, the first-named defendant in the state case is listed as Holland Real Estate LLC, not Robert Holland, and the record does not establish that Holland as an individual is a party to the action he is attempting to remove to federal court. *See id.* In addition, since Holland is not a licensed attorney,[2] he cannot represent Holland Real Estate LLC, an artificial entity, in federal court. *See In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) ("Corporations unlike human beings are not permitted to litigate pro se."); *United States v. Hagerman,* 545 F.3d 579, 581-82 (7th Cir. 2008) (limited liability company, like a corporation, could not proceed without counsel in federal court).

However, there are more significant problems with Holland's attempt to remove the case. Holland argues that federal subject matter jurisdiction exists because he was wrongfully deprived

---

[1] Holland cross-references his filings in the other case when asserting that he provided the necessary copies of the state court pleadings. (DE 1 at 2.) However, the more than 300 pages of exhibits Holland has submitted in the other case do not include the state court petition or complaint. I do not find his actions to be in compliance with the procedural requirements of the removal statute.

[2] According to the public records of the Indiana State Bar, Holland was admitted to practice law in 1997 but was suspended in 2009 and has not been reinstated. *See https://courtapps.ingov/rollofattorneys.* He identifies himself as a *pro se* litigant throughout his filings.

of his property and wishes to assert federal racketeering and constitutional claims in response to the state proceeding. (DE 1 at 1-2.) Removal cannot be based on a federal defense, however, unless the defendant is a federal officer, which Holland is not. *See* 28 U.S.C. § 1442; *City of Chicago v. Comcast Cable Holdings, LLC*, 384 F.3d 901, 903-04 (7th Cir. 2004). Instead the federal question must arise from the plaintiff's claims, and here the state case pertains to state property tax issues. *See Comcast Cable Holdings*, 384 F.3d at 904. Therefore, Holland has failed to establish that federal subject matter jurisdiction exists over this case.

Furthermore, under the removal statute, the defendant must remove within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading" in the state case. 28 U.S.C. § 1446(b). Here, Holland did not file a copy of the initial service documents with his notice of removal, but it is apparent from his filings that the state case has been pending for quite some time. Indeed, he has been filing documents in the case, including a "Motion to Set Aside Tax Sale and Tax Deed," as far back as July 2012. *See Holland*, No. 2:13-CV-179, DE 1-2 at 11-13. It appears Holland may be attempting to obtain federal review of the orders issued in the state case, which is not permissible. *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (under the *Rooker-Feldman* doctrine, "lower federal courts lack jurisdiction to review the decisions of state courts in civil cases").

Holland nevertheless argues that his removal notice was timely because "less than 30 days ago [he] obtained documents through discovery that support the filing of this case in federal court." (DE 1 at 1.) He may be trying to invoke 28 U.S.C. § 1446(b)(3), wherein removal is appropriate at a later stage when it cannot be ascertained at the time of the initial pleading that the case is removable. *See Travelers Property Cas. v. Good*, 689 F.3d 714, 725-26 (7th Cir.

3

2012) (observing that "the removal statute allows a little play in the joints when it may not be apparent at the outset that a proceeding can be removed."). Holland has muddied the issue by failing to attach the discovery document to which he is referring. Regardless, it is apparent from his filings that he is referring to discovery which allegedly revealed his rights were violated in connection with the tax sale. (*See* DE 1 at 1.) As discussed above, Holland's desire to assert constitutional or other federal claims in response to the tax proceeding does not provide a basis for removal.

Finally, as noted above, on the same date Holland filed the notice of removal, he filed a separate action under 42 U.S.C. § 1983 in which he names the Lake County Treasurer as a defendant and raises many of the same allegations pertaining to the impropriety of the tax sale. *See Holland*, No. 2:13-CV-179, DE 1 at 19-25. Holland did not pay the filing fee in either case, and instead seeks leave to prosecute both under the *in forma pauperis* statute. It is malicious for Holland to file more than one suit against the same defendant based on the same set of facts. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of 28 U.S.C. § 1915 if it is intended to harass or is otherwise abusive of the judicial process); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (holding that it is malicious for a plaintiff to file a lawsuit under the *in forma pauperis* statute that duplicates allegations of another pending lawsuit). Although Holland may be able to assert his claims in the earlier filed case, he cannot proceed with a second case under the *in forma pauperis* statute raising the same allegations.

ACCORDINGLY:

For the reasons set forth above, the plaintiff's motion for leave to proceed *in forma pauperis* (DE 2) is **DENIED**. This action is **REMANDED** to the Lake County Circuit Court, Cause No. 45C01-1008-MI-00098.

**SO ORDERED**.

ENTERED: June 4, 2013.

                                                  /s/ Philip P. Simon
                                                  Philip P. Simon, Chief Judge
                                                  United States District Court